

# In the United States Court of Federal Claims

No. 17-2046C
(Filed March 12, 2018)
NOT FOR PUBLICATION

**FILED**

MAR 1 2 2018

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
JERMAINE DUANE IRVIN-BEY,        *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff, Jermaine Duane Irvin-Bey, filed what was styled as an "Order for Default Judgment" on February 15, 2018. Recognizing plaintiff's *pro se* status, the Court will treat this paper as a motion. In the paper, Mr. Irvin-Bey sought to order this Court to issue him a "writ of deliverance" based upon the "undisputed facts" of his complaint. ECF No. 6. The government filed a brief response to this motion on February 27, 2018, urging this Court to dismiss Mr. Irvin-Bey's case for lack of jurisdiction. ECF No. 8. Mister Irvin-Bey had until March 6, 2018, to file a reply to the government's response, but no reply defending his motion was filed.

As is often the case with plaintiffs who proceed before this court *pro se*, it appears that Mr. Irvin-Bey has misunderstood both the grounds for bringing a motion for default judgment and the authority of this Court to issue the relief he requests. First, the grounds for requesting default judgment under Rule 55 of the Rules of the United States Court of Federal Claims (RCFC) are not present. A default judgment is appropriate when the defendant has failed to file a response to the plaintiff's complaint. *See* RCFC 55. Here, the government's deadline to respond to Mr. Irvin-Bey's complaint was February 26, 2018. But Mr. Irvin-Bey filed his motion on February 15, 2018—well before the government's deadline. Mister Irvin-Bey's argument seems to be that he gave the government a deadline of thirty days to respond to the allegations in his complaint. *See* ECF No. 6; *see also*

7016 3010 0000 4308 4379

Compl. at 5–6, ECF No. 1. Plaintiff, however, does not have the authority hold the government to an alternative timeline and preclude the operation of this court's rules. *See* RCFC 12(a)(1)(A) ("The United States must file an answer to a complaint within 60 days after being served with the complaint."). The government met the deadline under our rules, by timely filing a motion to dismiss this case on February 23, 2016. *See* RCFC 12(a)(4), (b).

Further, Mr. Irvin-Bey's motion asks this Court to issue him a "writ of deliverance." ECF No. 6. Mister Irvin-Bey's request is premised on the belief that this court possesses broad authority to enjoin the unjust actions of others. This court, however, possesses no such powers. Instead, the court's jurisdiction is limited to awarding monetary damages when called for by money-mandating constitutional or statutory provisions. 28 U.S.C. § 1491(a); *see also Stanwyck v. United States*, 127 Fed. Cl. 308, 312 (Fed. Cl. 2016) (citing *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983)). While the court can grant non-monetary remedies in certain specified circumstances where the relief is incidental to the award of monetary damages, *see* § 1491(a)(2), we do not possess the broad equitable powers which would be necessary to issue the plaintiff's requested relief. Hence, Mr. Irvin-Bey's motion for a default judgment must be **DENIED**.

The Court also agrees with the government that Mr. Irvin-Bey's case must be dismissed. Mister Irvin-Bey has failed to comply with this Court's order filed on January 5, 2018, which directed plaintiff to either pay the $400 filing fee or submit an application to proceed *in forma pauperis* (IFP)—in accordance with 28 U.S.C. § 1915(b)—within thirty days. ECF No. 5. No payment or IFP application has been received. Thus, Mr. Irvin-Bey's claims must be **DISMISSED** for failure to prosecute under RCFC 41(b).

Finally, the Court notes that even if plaintiff had paid the filing fee or been granted IFP status, his complaint still would have been dismissed under RCFC 12(b) for failing to state a claim that falls within our jurisdiction. In the first place, plaintiff failed to submit an opposition to the government's motion, which would be another ground for dismissal under RCFC 41(b). Mister Irvin-Bey's complaint appears to center around his alleged unlawful detention—a result of alleged human rights abuses by certain named federal and state officials. *See generally* Compl.[1]

---

[1] Further, to the extent that Mr. Irvin-Bey is trying to maintain claims against individuals, this court has no jurisdiction to hear such claims. The United States is the only proper defendant in an action before this court. *Eden Isle Marina, Inc. v. United States*, 113 Fed. Cl. 372, 464 n.128 (2013). Even if an individual defendant is an officer or agent of the United States, this court still cannot adjudicate a claim against that individual. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).

Plaintiff alleges that "crimes" were committed against him, listing "fraud in the factum, denationalization, RICO, treason, sedition and identity theft." *Id.* at 1, ¶ 8.[2]

But as the government highlights in its motion to dismiss this case, Mr. Irvin-Bey has failed to point to a money-mandating statute or constitutional provision which would place his claims within our jurisdiction. ECF No. 7, at 4. To the extent that his complaint alleges constitutional violations not involving money-mandating provisions, this Court has no jurisdiction to hear those claims. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018–19 (1978). As for any claims involving crimes or torts committed against Mr. Irvin-Bey by government or prison officials, the Tucker Act specifically withholds from this court's jurisdiction any claims sounding in tort, *see* 28 U.S.C. § 1491(a)(1), and this encompasses criminal violations, *Stanwyck*, 127 Fed. Cl. at 313–15.

Likewise, Mr. Irvin-Bey has failed to allege the existence of a contract between himself and the United States which would give this Court jurisdiction under the Tucker Act. *See id.* Though he mentions a "security agreement" and "common law copyright notice" in his complaint, *see* Compl. at 1, ¶ 8, he fails to allege any of the necessary elements of a contract with the United States. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (explaining that stating a claim for a breach of an implied-in-fact contract by the United States requires showing: "1) mutuality of intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance" along with showing that the government representative had "actual authority to bind the government in contract"). As to Mr. Irvin-Bey's requests to be released from prison, as already mentioned above, the Court does not possess the broad equitable powers necessary to grant such relief. *See* 28 U.S.C. § 1491(a). Additionally, the court is unable to review the correctness of decisions by other federal courts—something that would be required in deciding whether Mr. Irvin-Bey committed a crime. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

In short, plaintiff's motion for default judgment is **DENIED**. In light of plaintiff's failure to comply with this Court's January 5, 2018, order regarding IFP status, this case is **DISMISSED** for failure to prosecute. The government's motion to dismiss Mr. Irvin-Bey's complaint is therefore **DENIED-AS-MOOT**.[3] The Clerk shall close the case.

---

[2] This quotation has been changed from all caps for ease of reading.

[3] On March 7, 2018, the Clerk's Office received from Mr. Irvin-Bey a document styled as a "Writ of Replevin." As explained above, this court's ability to grant equitable remedies and extraordinary relief is extremely limited. The paper also does not appear to comport with any provision of this court's rules. Given that this

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Judge

---

case has been dismissed, the Clerk is directed not to file the paper, but rather to return it to the plaintiff.